# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 1011 C.D. 2023 |
| | : | |
| Daniel Murrer, | : | |
| Appellant | : | Submitted: September 9, 2024 |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE STACY WALLACE, Judge
HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                                            FILED: April 15, 2025

Daniel Murrer (Murrer) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) dated August 8, 2023, which affirmed the decision of a magisterial district judge that found Murrer guilty of violating Section 107.2.1 of the 2003 International Fire Code (IFC), as incorporated by reference into Section 1002.01 of the City of Pittsburgh's (City) Ordinance and fined him $3,000. Because the City failed to offer sufficient evidence that Murrer violated Section 107.2.1 of the 2003 IFC, we reverse the trial court's order and vacate Murrer's conviction and fine.

On September 27, 2022, a City code enforcement officer filed a private criminal complaint against Murrer alleging he violated Section 107.2.1 of the 2003 IFC, as incorporated by reference into Section 1002.01 of the City's Ordinance, for failing to make his commercial property located at 1911 East Carson Street,

Pittsburgh (Property), available for a fire code inspection. Original Record (O.R.) 13-15.[1]  Following a summary hearing on February 2, 2023, a magisterial district judge found Murrer guilty and fined him $5,000.  *Id.* at 16-18.  Murrer appealed the magisterial district judge's decision to the trial court.

The trial court held a *de novo* hearing on Murrer's summary conviction appeal on August 8, 2023.  At the hearing, the City offered the testimony of Stefan Stewart, an employee in the City's Department of Permits, Licensing and Inspections.  Stewart testified that the Property was initially cited in July of 2022 for failing to make the Property available for a yearly fire inspection.  Notes of Testimony (N.T.) 4-5.  Stewart stated that he had attempted to reach Murrer by phone and text message but was denied access to the Property.  *Id.* at 5.  Stewart testified:

> [City's Counsel]:  Tell the Court about your involvement with the [Property].
>
> [Stewart]:  This property was originally cited back in July of 2022 for a yearly fire inspection, and it's been in Court ever since this year. So I haven't done two years['] worth of inspections on this [P]roperty.
> ….
>
> [City's Counsel]:  And had we contacted the [P]roperty owners?
>
> [Stewart]:  I left a voicemail and also texted the home or whoever owns - - rents the [P]roperty.
>
> [City's Counsel]:  And you've been denied access to the [P]roperty?
>
> [Stewart]:  Correct.  It opens at 6:00 p.m.  So I tried to get there earlier, but I haven't been able to.

---

[1] The citations to the Original Record reflect electronic pagination.

. . . .

> [City's Counsel]: As a commercial structure, is there a certain requirement that certain fire safety equipment be in the building?
>
> [Stewart]: They are required to have fire extinguishers, emergency lights, if the property is big enough, and emergency exit doors. It can also have a sprinkler system, but I have to be inside to confirm or deny that.

N.T. at 4-6

Murrer testified at the hearing and admitted to owning the Property. *Id.* at 7. He offered into evidence an affidavit stating that he was a United States National, but not a United States citizen and, accordingly, argued that he was not subject to the jurisdiction of the City's Ordinance. *Id.* at 6-7, 11. Murrer further contended that he had a 38-year record of ownership of the Property with no fire-related issues. *Id.* at 8. Murrer submitted that a warrant is necessary for the City to enforce the Ordinance at the Property. *Id.* at 9-12. When asked for details regarding the business operating on the first floor of the Property, Murrer refused to answer, citing his right against self-incrimination under the Fifth Amendment to the United States Constitution.[2] *Id.* at 13-14. However, Murrer ultimately confirmed that the Property operates as a dance studio. *Id.* at 14.

During the hearing Murrer attempted to introduce two oral motions: (1) a motion to dismiss based on a lack of personal jurisdiction (motion to dismiss), and (2) a motion to offer evidence of the magisterial district judge's alleged bias against commercial property owners in the City's south side (motion to offer evidence). *Id.* at 16, 20. The trial court denied both motions. *Id.* At the close of the hearing, the

---

[2] U.S. CONST. amend. V ("No person . . . shall be compelled in any criminal case to be a witness against himself[.]").

3

trial court concluded that Murrer failed to comply with the City's Ordinance by violating Section 107.2.1 of the 2003 IFC. *Id.* at 25. The trial court reduced the fine associated with the violation from $5,000 to $3,000. *Id.* Murrer appealed to this Court.

On appeal, Murrer raises ten issues for our consideration. *See* Murrer's Br. at 7. Because it is dispositive, we begin first with Murrer's challenge to the sufficiency of the evidence underlying his conviction.[3] In reviewing a summary conviction matter, where the trial court has taken additional evidence in *de novo* review, our standard of review is limited to considering whether the trial court abused its discretion or committed an error of law. *Com. v. Halstead*, 79 A.3d 1240, 1242 (Pa. Cmwlth. 2013) (citing *Com. v. Spontarelli*, 791 A.2d 1254, 1255 (Pa. Cmwlth. 2002)). In *Spontarelli*, we explained that in "summary offense cases, the Commonwealth is required to establish" guilt beyond a reasonable doubt. *Spontarelli*, 791 A.2d at 1258. This court views all of the evidence admitted at trial, together with reasonable inferences therefrom, in the light most favorable to the Commonwealth. *Id.* "The test of sufficiency of the evidence is whether the trial court, as trier of fact, could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt." *Id.*

---

[3] We construe Murrer's confrontation argument and argument with respect to certain evidence he was not allowed to present as raising at least implied challenges to the sufficiency of the evidence. Further, Murrer's Eighth Amendment, U.S. CONST. amend. VIII, challenge may be construed as a challenge to the legality of his sentence. A sentence is illegal where sustained upon insufficient evidence. *See, Com. v. Moore*, 247 A.3d 990, 998 (Pa. 2021) ("For example, it is certainly "illegal," and indeed unconstitutional, to impose a judgment of sentence upon a defendant who has suffered a conviction based on insufficient evidence.") *See also, Com. v. Hill*, 238 A.3d 399, 407 (Pa. 2020) ("[A]n appellate court can address an appellant's challenge to the legality of his sentence even if that issue was not preserved in the trial court; indeed, an appellate court may raise and address such an issue *sua sponte*.") Put simply, this Court has ample authority and ample reason to address the sufficiency of the evidence underlying Murrer's conviction.

4

With this background in mind, we begin with a review of the Ordinance provisions at issue.[4]  Section 107.2.1 of the 2003 IFC is incorporated by reference into Section 1002.01 of the City's Ordinance.  Titled "Test and inspection records," Section 107.2.1 provides:

> Required test and inspection records shall be available to the fire code official at all times or such records as the fire code official designates shall be filed with the fire code official.

2003 IFC § 107.2.1.[5]  We note, for purposes of discussion below, that through a different provision, the City's Ordinance also incorporates the 2009 version of the IFC, which contains several provisions governing fire inspections.  *See* City's Ordinance § 801.01 (incorporating the 2009 IFC).  Sections 106.1 and 106.2 of the 2009 IFC provide:

> 106.1  Inspection authority.
>
> The *fire code official* is authorized to enter and examine any building, structure, marine vessel, vehicle or premises in accordance with Sectio 104.3 for the purpose of enforcing this code.
>
> 106.2  Inspections.
>
> The *fire code official* is authorized to conduct such inspections as are deemed necessary to determine the extent of compliance with the provisions of this code and to approve reports of inspection by *approved* agencies or individuals.  All reports of such inspections shall be prepared and submitted in writing for review and approval.

---

[4]  An electronic version of the City's Ordinance is available at http://pittsburgh-pa.elaws.us/code/coor (last visited April 10, 2025).

[5]  An electronic version of the 2003 IFC is available at https://codes.iccsafe.org/s/IFC2003P6/chapter-1-administration/IFC2003P6-Ch01-Sec107.2 (last visited April 10, 2025).

> Inspection reports shall be certified by a responsible officer of such *approved* agency or by the reasonable individual. The *fire code official* is authorized to engage such expert opinion as deemed necessary to report upon unusual, detailed or complex technical issues subject to the approval of the governing body.

2009 IFC §§ 106.1-106.2 (emphasis in original).[6]

At the outset, we note that there appears to be confusion regarding Murrer's underlying conviction in the City's brief. Indeed, in discussing Murrer's violation, the City quotes the text of Section 106.2 of the 2009 IFC while purporting to quote Section 107.2.1 of the 2003 IFC. *See* City's Br. at 5; *compare* 2003 IFC § 107.2.1 and 2009 IFC § 106.2. As set forth above, Section 106.2 of the 2009 IFC deals with inspections, while Section 107.2.1 of the 2003 IFC deals with test and inspection records. This misquote is problematic for several reasons. First, the 2009 IFC is incorporated by Reference into Title 8 of the City's Ordinance, governing Fire Prevention, which has different provisions for violations and penalties than Title 10 of the City's Ordinance, governing Building, under which Murrer was prosecuted. Title 10 provides for summary penalties (fines up to $1000 and up to 90 days imprisonment), while Title 8 provides for fines of not less than $150 or greater than $300. The City seemed unclear on this point before the trial court, when it failed to note the maximum fine for Murrer's alleged Title 10 violation. *See* N.T. at 20-21 (City's counsel requesting a "similar type fine" to the $5,000 one issued by the magisterial district judge). As such, this misquote is misleading and not reflective of the charge of which Murrer was convicted. In its brief, the City also

---

[6] An electronic version of the 2009 IFC is available at https://codes.iccsafe.org/content/IFC2009P6/chapter-1-scope-and-administration (last visited April 10, 2025).

claims that Murrer violated Section 901.6.2 of the 2015 IFC.[7] *See* City's Br. at 6. For clarity, we reiterate that Murrer was cited *only* for violation of Section 107.2.1 of the 2003 IFC, not any of these other cited provisions.[8]

Having underscored the actual violation in which Murrer was convicted, we turn to address the sufficiency of the evidence supporting his conviction. Following our review of all testimony and evidence in the record (and viewing that evidence in the light most favorable to the City), we conclude that there was insufficient evidence to sustain Murrer's conviction. As illustrated by the aforementioned problems in the City's brief, the evidence proffered before the trial court merely shows that Murrer refused to allow a fire inspection of the Property. However, Murrer was not cited or prosecuted under any of the IFC provisions governing inspections. Rather, he was cited for a violation of the provision governing "test and inspection records," and there is a dearth of evidence or testimony on the record which would allow a finding that Murrer failed to make available "[r]equired test and inspection records … to the fire code official" or failed to file "such records as the fire code official designates shall be filed with the fire code official." *See* 2003 IFC § 107.2.1. The whole of the City's evidence, which consisted solely of Stewart's testimony, was that Murrer refused Stewart's entry on the Property to perform an inspection. There was no evidence that Murrer was asked, or refused, to provide test and inspection records. Absent any evidence of a

---

[7] It is unclear where, if at all, the City's Ordinance adopts the 2015 IFC, except perhaps by reference to the "Uniform Construction Code, contained in 34 Pa. Code §§ 401.1-405.52, as may be amended from time to time[.]" *See* City's Ordinance § 1001.08. However, this provision was not cited in the private criminal complaint filed against Murrer and is therefore irrelevant to our analysis.

[8] In construing and addressing the issues underlying this appeal, we recognize the difficulties that these incorrect citations could cause a *pro se* litigant in responding to the City's Brief. We also recognize the inherent difficulty in understanding how the City applies and enforces various versions of the IFC as incorporated through different Titles of the City's Ordinance.

violation of the IFC section for which Murrer was cited and convicted, we conclude that the evidence underlying the conviction is insufficient.

For these reasons, the trial court's order dated August 8, 2023 finding Murrer guilty of violating Section 107.2.1 of the 2003 IFC and fining him $3,000 is vacated.[9]

_____

MATTHEW S. WOLF, Judge

---

[9] As this issue is dispositive, we do not reach Murrer's remaining issues.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
   :
       v.            :    No. 1011 C.D. 2023
   :
Daniel Murrer,               :
            Appellant    :

# **O R D E R**

AND NOW, this 15th day of April 2025, the Court of Common Pleas of Allegheny County's Order dated August 8, 2023 is VACATED.

_____
MATTHEW S. WOLF, Judge